ORIGINAL

FILED
US BANR COURT CLERK
WEST'N DIST KENTUCKY
09 APR -8 AM 9: 16

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

In re:

LIGHTYEAR HOLDING, INC.,

Case No. 02-32257-DTS
(Chapter 11)

_____Debtor._____/

## MOTION FOR RETURN OF UNCLAIMED FUNDS TO DEBTOR

TO THE HONORABLE DAVID T. STOSBERG
UNITED STATES BANKRUPTCY JUDGE:

NOW INTO COURT, comes LIGHTYEAR HOLDING, INC., (the "Debtor"), by and through undersigned counsel, Brian Baum, Baum & Baum, Associates, P.A., 1795 North Fry Rd., Suite 214, Katy TX 77449-3347; Tel: (713) 443-6156; Fax: (281) 392-9183, and files this its motion seeking and order from the Court for the return of all remaining unclaimed funds on deposit in the Court's registry in the account of the Debtor now belonging to the Debtor in accordance with 11 U.S.C. Sections 347(b) and 1143 of the United States Bankruptcy Code, and in support thereof would show the Court as follows:

1. This case was a voluntary proceedings filed by the Debtor under Chapter 11 of the United States Bankruptcy Code on April 10, 2002.

2. The Debtor's First Amended Liquidating Chapter 11 Plan of Reorganization was confirmed by the Court on March 31, 2004.

3. Final Decree closing the Chapter 11 estate of the above-named Debtor was entered on January 18, 2008 (D.E. #1367), after the estate had been fully administered and the final accounting had been submitted by Thomas Duddy and Erika Barnes, but with registry account of the Debtor still open containing unclaimed dividends remaining undistributed. Notice

1

of Deposit of Funds into the Court Registry on May 21, 2008 (D.E. #1368).

4. It appears that unclaimed funds in the amount of $35,132.82 held on deposit in the Court's registry representing dividends remaining unclaimed by creditors of the Debtor.

5. <u>11 U.S.C. Section 347(b)</u> provides:

> Any security, money or other property remaining unclaimed at the expiration of the time allowed in a case under Chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under Section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

6. <u>11 U.S.C. Section 1143</u> provides:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

7. More than five-years have elapsed since entry of the order confirming the Debtor's Plan in this case. The funds remaining unclaimed and undistributed in the amount of $35,132.82 have therefore become the property of the Debtor pursuant to the clear mandate of 11 U.S.C. Sections 347(b) and 1143 of the Bankruptcy Code. "Together, these provisions denote an unmistakable point at which unclaimed funds automatically become the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be." *See* 3 Collier, *supra*, P. 347.03, at 347-6: *See also, In re Goldblatt Bros, Inc.*, 132 B.R. 736, 738 (Bankr. N.D. Ill. 1991) ("the statute provides a clear bright-line rule that unclaimed funds are automatically to

be returned to the debtor"). "To the extent they require creditors to act upon their rights or risk losing their claims, Section 347 and 1143 function akin to statutes of limitations designed to provide repose after passage of a reasonable time for action . . . there is no indication in either statute that its operation may be modified by court order.") *See* 3 Collier, *supra*, P. 347.01; 3 Collier, *supra*, P. 347.03[2]; 8 Collier, *supra*, P. 1143.01: *See also*, <u>In re: George Rodman, Inc.</u> 50 B.R. 313, 314 (Bankr. W.D. Okla. 1985) (holding that Sections 347(b) and 1143 "set in place a means for dealing with unclaimed property which does not allow for any alternate scheme."); <u>In re Georgian Villa, Inc.</u>, 55 F.3d 1561 (11th Cir. 1995); <u>In re: TLI, Inc.</u>, 213 B.R. 946 (N.D. Tex. 1997), *aff'd* 159 F.3d 1355 (5th Cir.1998).

8. The unclaimed dividends remaining undistributed have become the property of the Debtor and must be distributed to the Debtor as a matter of law pursuant to the statutory provisions of the Bankruptcy Code and supporting case law as cited herein for the purpose of achieving finality and judicial economy as intended by Congress to avoid disruptive, wasteful, and protracted litigation over unclaimed funds remaining undistributed after final conclusion in a chapter 11 case. *See, e.g.*, <u>TLI, Inc. v. Lynn (In re TLI, Inc.)</u>, *Id.*; *See also*, <u>Entire Supply, Inc.</u>, *supra*, at n.2.; <u>Goldblatt</u>, *Id.* at 738.

WHEREFORE, Lightyear Holdings Inc., respectfully request the Court enter an order:

    A.    Directing the Clerk of Court to surrender and pay over unto the Debtor, Lightyear Holding, Inc., all remaining unclaimed funds currently held on deposit in the Court's registry in the amount of $35,132.82; and

    B.    Order such other and further relief as the case may require in achieving the finality and judicial economy in a case filed under Chapter 11 as intended by Congress with legislative enactment of §§ 347(b) and 1143 of the United States Bankruptcy Code.

Dated: **31, March, 2009**.

Respectfully submitted,

By: /s/ Brian Baum
**BAUM & BAUM, ASSOCIATES, P.A.**
1795 North Fry Rd., Suite 214
Tel: (713) 443-6156
Fax: (281) 392-9183
bcbaumlaw@comcast.net

Attorney-in-Charge for Debtor,
Lightyear Holding, Inc

## CERTIFICATE OF SERVICE

     I hereby certify that on the 27th day of March, 2009, a true and correct copy of the foregoing *Motion For Return of Funds to Debtor* and any attachments thereto were served by first class mail, postage prepaid and/or electronically, to the following parties in interest pursuant to 28 U.S.C. § 2042:

United States Attorney
David L. Huber
510 W. Broadway, 10th Floor
Louisville, KY 40202

Office of The United States Trustee
Joseph J. Golden
601 W. Broadway, Suite 512
Louisville, KY 40202

/s/ Brian Baum
Brian Baum