ORIGINAL

FILED
US BANR COURT CLERK
WEST'N DIST KENTUCKY
09 JUL -1 PM 12: 19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

In re:

LIGHTYEAR HOLDING, INC., Debtor(s). /

Case No. 02-32257-DTS
Chapter 11
Jointly Administrated

**AMENDED MOTION FOR TURNOVER OF UNCLAIMED FUNDS TO LY ACQUISITION, LLC. PURSUANT TO SECTION 7.2(i) OF THE OCTOBER 30, 2003 ASSET PURCHASE AGREEMENT APPROVED BY THE COURT AND ENTERED INTO BETWEEN THE DEBTORS AND LY ACQUISITION, LLC.**

TO THE HONORABLE DAVID T. STOSBERG
UNITED STATES BANKRUPTCY JUDGE:

NOW INTO COURT, comes LY ACQUISITION, LLC., ("LYA" ), and its subsidiary, LY Holdings, LLC, by and through Brian Baum, Esquire, Baum & Baum, Associates, P.A., 1795 North Fry Rd. Suite 214, Katy, TX 77449-3347, Tel: (713) 443-6156, Fax: (281) 232-4957, admitted to participate in this case *pro hac vice* by order of the Court dated April 10, 2009 for the purpose of seeking entry of an order for the release and turnover of Unclaimed Funds to the Debtor in the amount of $35,138.79 currently held on deposit in the Registry of the Court in this closed case. However, counsel files the foregoing Amended Motion For Release and Turnover of those unclaimed funds/assets which properly belonging to ("LYA") under The Asset Purchase Agreement Between the Debtor(s) and LYA pursuant to the purchase and sale of substantially all of the Debtors' assets to LYA (the "Sale") approved and entered by the Court on October 13, 2003, and in support thereof would request that the Hearing scheduled for **July 28, 2009 at 9:00 am**. continue to take place as scheduled, and that undersigned counsel be permitted to appear telephonically at said hearing, and would further show the Court as follows:

1. This case was a jointly administered voluntary proceeding filed by the Debtors,

Lightyear Communications, Inc., Lightyear Telecommunications LLC and Lightyear Communications of Virginia (collectively, the "Debtors") under Chapter 11 of the United States Bankruptcy Code on April 10, 2002.

2. The Debtors' First Amended Liquidating Chapter 11 Plan of Reorganization was confirmed by the Court on March 31, 2004.

3. Final Decree closing the Chapter 11 estate of the above-named Debtors was entered on January 18, 2008 (D.E. #1367), after the estate had been fully administered and the final accounting had been submitted by Thomas Duddy and Erika Barnes on January 17, 2008 (D.E. #1366), but with registry account of the Debtor still open containing unclaimed dividends remaining undistributed. Notice of Deposit of Funds into the Court Registry filed by Erika Barnes for Thomas Duddy was entered on May 21, 2008 (D.E. #1368).

4. It appears that there remain unclaimed funds in the amount of $35,132.82 held on deposit in the Court's registry representing unnegotiated dividend checks remaining unclaimed by creditors of the Debtors.

5. Section 7.2(i) of The Asset Purchase Agreement provides:

for the Sale of substantially all of the Debtors' assets to LYA. Section (c) Failure to Claim Undeliverable Distributions. Under the Plan, "Any holder of an Allowed Claim that does not notify the Designated Person that is entitled to receipt of a previously undeliverable distribution within 60 days after the Effective Date will have no recourse to the Distributable Assets and will receive no distribution on account of such Claim, and such Claim will be a Disallowed Claim hereunder." In such cases, any cash held for distribution on account of such claim will be deemed Distributable Assets. Nothing contained in the Plan will require the Designated Person

to attempt to locate and holder of an allowed Claim. Debtors' First Amended Liquidating Plan of Reorganization, Section (c) Failure to Claim Undeliverable Distributions; and Notice of Satisfaction of Section 7.2(i) Of The Asset Purchase Agreement Between the Debtors and LYA, are attached hereto as **Exhibit A**.

6. 11 U.S.C. Section 347(b) provides:

> Any security, money or other property remaining unclaimed at the expiration of the time allowed in a case under Chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under Section 943(b), 1129, 1173, or 1225 of this title, as the case may be, **becomes the property of the debtor** ***or of the entity acquiring the assets of the debtor under the plan, as the case may be***

7. 11 U.S.C. Section 1143 provides:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

8. More than five-years have elapsed since entry of the order confirming the Debtor's Chapter 11 Liquidating Plan of Reorganization in this case. The aforementioned unclaimed and undistributed assets have therefore become the property of the chapter 11 Debtors pursuant to 11 U.S.C. §§ 347(b) and 1143 of the Bankruptcy Code.

9. However, Section 7.2(i) of The Asset Purchase Agreement Between the Debtors and LYA clearly suggest that those funds remaining unclaimed and undistributed in the amount

of $35,132.82 have specifically become the property of LYA, "**the entity which acquired the assets of the Debtors under the Plan** [e.g., pursuant to the Asset Purchase Agreement Between the Debtors and LY Acquisition, LLC], as the case may be." The Court is asked by counsel to take Judicial Notice that LYA and LY Holdings, LLC., its subsidiary company(s), are Active Kentucky Limited Liability Companys which filed its Amended 2008 Annual Report with the Commonwealth of Kentucky Secretary of State and is in good standing and continues to operate its telecommunication business still employing the same Officers and Managers, including J. Sherman Henderson, III, who hired undersigned counsel to prosecute this motion, and whom among other Officers and Managers had operated the jointly administered Debtors' telecommunications in the above-entitled closed chapter 11case.

10. "Together, these provisions of 11 U.S.C. §§ 347(b) and 1143 of the Bankruptcy Code denote an unmistakable point at which unclaimed funds automatically become the property of the debtor ***or of the entity acquiring the assets of the debtor under the plan, as the case may be***." *See* 3 Collier, *supra*, P. 347.03, at 347-6: *See also*, In re Goldblatt Bros, Inc., 132 B.R. 736, 738 (Bankr. N.D. Ill. 1991) ("the statute provides a clear bright-line rule that unclaimed funds are automatically to be returned to the debtor"). "To the extent they require creditors to act upon their rights or risk losing their claims, Section 347 and 1143 function akin to statutes of limitations designed to provide repose after passage of a reasonable time for action . . . there is no indication in either statute that its operation may be modified by court order.") *See* 3 Collier, *supra*, P. 347.01; 3 Collier, *supra*, P. 347.03[2]; 8 Collier, *supra*, P. 1143.01: *See also*, In re: George Rodman, Inc. 50 B.R. 313, 314 (Bankr. W.D. Okla. 1985) (holding that Sections 347(b) and 1143 "set in place a means for dealing with unclaimed property which does not allow for any

alternate scheme."); In re Georgian Villa, Inc., 55 F.3d 1561 (11th Cir. 1995); In re: TLI, Inc., 213 B.R. 946 (N.D. Tex. 1997), *aff'd* 159 F.3d 1355 (5th Cir.1998).

11. The unclaimed, unnegotiated checks, and undistributed dividends remaining in the Court's registry in this closed case have become the property of LYA pursuant to the Notice of Satisfaction of Section 7.2(i) of The Asset Purchase Agreement Between the Debtors and LYA. Article I, Section 8, of the United States Constitution authorizes Congress to enact "uniform Laws on the subject of Bankruptcies.: Under this grant of authority, Congress enacted the "Bankruptcy Code" in 1978. The Code, which is codified as Title 11 of the United States Code, has been amended several times since its enactment. It is the uniform Federal Law that governs all bankruptcy cases. Therefore, the unclaimed funds or assets in the amount of $35,132.82 must be released and dispersed to LYA as a matter of law pursuant to the statutory provisions of the Section 7.2(i) Asset Purchase Agreement, 347 and 1143 of the Bankruptcy Code, and supporting case law as cited herein for the purpose of achieving finality and judicial economy as intended by Congress to avoid disruptive, wasteful, and protracted litigation over unclaimed funds remaining undistributed after final conclusion in a chapter 11 case. *See, e.g.*, *TLI, Inc. v. Lynn (In re TLI, Inc.)*, *Id.*; *See also*, Entire Supply, Inc., *supra*, at n.2.; Goldblatt, *Id.* at 738.

WHEREFORE, LY Acquisition, LLC., respectfully requests the Court enter an order:

A. Directing the Clerk of Court to surrender and pay over unto LY Acquisition, LLC all remaining unclaimed funds currently held on deposit in the Court's registry in the amount of $35,132.82; and

B. Order such other and further relief as the case may require in achieving the finality and judicial economy in a case filed under Chapter 11 as intended by Congress with legislative enactment of §§ 347(b) and 1143 of the United States Bankruptcy Code.

Dated: 25 June, 2009.

Respectfully submitted,

By: ______________________

Brian Baum, Esquire (Pa.232 BAR #82903)
**BAUM & BAUM, ASSOCIATES, P.A.**
1795 North Fry Rd., Suite 214
Tel: (713) 443-6156
Fax: (281) 232-4957
bcbaumlaw@comcast.net

Attorney for Entity Acquiring Assets of the Debtors Under 7.2(i) of the Asset Purchase Agreement, LY Acquisition, LLC. - Movant

## DECLARATION OF SERVICE VIA ELECTRONIC MAIL

I hereby certify that on the 25 th day of June, 2009, a true and correct copy of the foregoing *Motion For Return of Funds to Entity Acquiring Assets of the Joint Debtors* and any attachments thereto were served via electronically, to the following parties in interest:

United States Attorney

Office of The United States Trustee
Joseph J. Golden
601 W. Broadway, Suite 512
Louisville, KY 40202

Benjamin C. Fultz
2700 National City Tower
101 S. Fifth St.
Louisville, KY 40202

Jeffrey L Zachmann
rgold@fbtlaw.com

Kyle R. Grubbs
Frost, Brown, Todd, LLC.
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45252-4182
kgrubbs@ftblaw.com

Miles S. Apple
Greenbaum, Doll, & McDonald, PLLC.
3500 National City Tower
101 S. Fifth Street
Louisville, KY 40202
Msa3@gdm.com

Ronald E. Gold
Frost, Brown, Todd, LLC.
2200 PNC Center
201 East Fifth St.
Cincinnati, OH 45202-4182
rgold@fbtlaw.com

William T. Bodoch
10 West Broad St., Ste.
Columbus, OH 43215
*Attorneys for Lightyear Holdings, Inc*
*Jointly Administered Chapter 11 cases*

Lawrence R. Freedman
1400 16th Street, N.W. Sixth Floor
Washington, D.C. 20036
*Attorney for UnsecuredCreditors Committee*

LY Acquisition, LLC.
c/o: J. Sherman Henderson, III
c/o: Dr. John J Grieve
1901 Eastpoint Parkway
Louisville, KY 40223
*Movant*

Brian Baum

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE** | ) | **CASE NO. 02-32257** |
| **LIGHTYEAR HOLDINGS, INC., ET AL.,** | ) | **CHAPTER 11** |
| **DEBTORS.** | ) | **JOINTLY ADMINISTERED** |
| | ) | **HON. DAVID T. STOSBERG** |
| | ) | **DEBTORS' [FIRST AMENDED LIQUIDATING] PLAN OF REORGANIZATION** |


Ronald E. Gold
Jeffrey L. Zackerman
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800 Telephone
(513) 651-6981 Facsimile

-and-

C. Edward Glasscock
James A. Giesel
**FROST BROWN TODD LLC**
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
(502) 589-5400 Telephone
(502) 589-1087 Facsimile

**ATTORNEYS FOR THE DEBTORS**

time as a distribution becomes deliverable. Undeliverable distributions will remain in the possession of the Designated Person or the Disbursing Agent until such time as a distribution becomes deliverable.

**b. After Distributions Become Deliverable**

Within 60 days after the end of each calendar quarter following the Effective Date, the Designated Person will make all distributions that have become deliverable during the preceding calendar quarter.

**c. Failure to Claim Undeliverable Distributions**

Any holder of an Allowed Claim that does not notify the Designated Person that it is entitled to receipt of a previously undeliverable distribution within 60 days after the Effective Date will have no recourse to the Distributable Assets and will receive no distribution on account of such Claim, and such Claim will be a Disallowed Claim hereunder. In such cases, any cash held for distribution on account of such claims will be deemed Distributable Assets. Nothing contained in the Plan will require the Designated Person to attempt to locate any holder of an Allowed Claim.

## H. Means of Cash Payments

Cash payments made pursuant to the Plan will be in U.S. dollars by checks drawn on a domestic bank selected by the Designated Person, or by wire transfer from a domestic bank, at the option of the Designated Person, provided, however, that cash payments made to foreign creditors holding Allowed Claims may be paid, at the option of the Designated Person, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

## I. Compliance with Tax Requirements

In connection with the Plan, and to the extent applicable, the Designated Person will comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities, and all distributions pursuant to the Plan will be subject to such withholding and reporting requirements.

## J. Setoffs

The Designated Person will, pursuant to section 553 of the Bankruptcy Code or applicable nonbankruptcy law, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before any distribution is made on account of such Claim), the claims, rights and causes of action of any nature that the Estate may hold against the holder of such Allowed Claim, provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by the Designated Person of any such claims, rights and causes of action that the Debtors, the Reorganized Debtors or the Designated Person may possess against such holder. To the extent that the Designated Person fails to effect a setoff with a third party and seeks to collect a claim from such third party after a distribution to such third party pursuant to the Plan on account of its Claim, the recovery on such claim against such third party will be limited to an amount that does not exceed the amount that would have been recovered had the claim against

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 02-32257** |
| | ) | |
| **LIGHTYEAR HOLDINGS, INC., et al.,** | ) | **CHAPTER 11** |
| | ) | |
| **DEBTORS.** | ) | **JOINTLY ADMINISTERED** |
| | ) | |
| | ) | **HON. DAVID T. STOSBERG** |

**NOTICE OF SATISFACTION OF SECTION 7.2(i) OF THE ASSET PURCHASE AGREEMENT BETWEEN THE DEBTORS AND LY ACQUISITION, LLC**

On July 30, 2003, Lightyear Communications, Inc., Lightyear Telecommunications LLC and Lightyear Communications of Virginia, Inc. (collectively, the "Debtors") entered into an Asset Purchase Agreement (the "Purchase Agreement") with LY Acquisition, LLC ("LYA") for the purchase and sale of substantially all of the Debtors' assets (the "Sale"). On October 31, 2003, this Court entered an order approving the Sale to LYA.

Pursuant to Section 7.2(i) of the Purchase Agreement, within 90 days of the Initial Closing (as defined in the Purchase Agreement) of the Sale, agents of the Debtors who are responsible for at least 70% of the commissionable revenues of the Debtors attributable to agents (the "Total Commissionable Revenues") must enter into new agent agreements with LYA on terms that are customary in the telecommunications industry and that are otherwise reasonable to LYA.

LYA has entered into new agent agreements (the "New Agent Agreements") pursuant to Section 7.2(i) of the Purchase Agreement with agents whose revenues represent 71.14% of the Debtors' Total Commissionable Revenues. Accordingly, Section 7.2(i) of the Purchase Agreement is hereby satisfied.

The form of the New Agent Agreements shall be made available to any interested party upon written request to the Debtors and undersigned counsel for the Debtors.

Dated: Cincinnati, Ohio
February 23, 2004

Respectfully submitted,

**FROST BROWN TODD LLC**

By: /s/ Jeffrey L. Zackerman
Ronald E. Gold, Esq.
(Ohio Bar No. 0061351)
Jeffrey L. Zackerman, Esq.
(Ohio Bar No. 0068199)
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800 (telephone)
(513) 651-6891 (facsimile)

**FROST BROWN TODD LLC**
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400 (telephone)
(502) 581-1087 (facsimile)

**Attorneys for Debtors and Debtors in Possession**

CinLibrary/1373237.1

You can file your annual report online using a credit card or prepaid account. Visit our web site at **sos.ky.gov/annualreports**

**COMMONWEALTH OF KENTUCKY**
**TREY GRAYSON, SECRETARY OF STATE**
**ANNUAL REPORT**
**DUE JUNE 30, 2008**

0558336

**ORGANIZATION ID #** 0558336 **STATE OR COUNTRY OF INCORPORATION** KY **ORGANIZATION DATE** 04/16/2003 **FILING FEE** $10.00

**(1) EXACT LIMITED LIABILITY COMPANY NAME AND CURRENT PRINCIPAL OFFICE ADDRESS**
Changes made to the principal office address cannot be made on this form. Check (3)A to request a form to be mailed or download the form from our web site

LY HOLDINGS, LLC
1901 EASTPOINT PARKWAY
LOUISVILLE, KY 40223

## AMENDED 2008 ANNUAL REPORT

**(2) CURRENT REGISTERED AGENT AND REGISTERED OFFICE ADDRESS**
Changes made to the registered agent or registered office cannot be made on this form. Complete (3)B to request a form to be mailed or download form from web site.

JOHN J. GREIVE
1901 EASTPOINT PARKWAY
LOUISVILLE, KY 40223

**(3) A.** ☐ Statement of Change of Principal Office Address Form
**B.** ☐ Statement of Change of Registered Agent or Registered Office Form
MAIL FORM TO

**(4) MANAGEMENT. Verify the Management type. Foreign LLCs should indicate below whether they are managed by members or managers.**

The LLC is managed by managers.

**(5) MANAGER(S) OR MEMBER(S)** If (5) is blank, type or print the **names and business addresses** of the current managers, if manager-managed, or members, if member-managed. The annual report will be returned if business addresses are not listed. If the company has previously filed an annual report, verify the names of the managers or members listed below. Please note any additions to or changes in the **names of managers or members and give the business address** for each person listed.

| | | Address |
|---|---|---|
| Manager | J. Sherman Henderson, III | 1901 EASTPOINT PARKWAY,LOUISVILLE,KY 4022 |
| Manager | W. Brent Rice | 1901 EASTPOINT PARKWAY,LOUISVILLE,KY 4022 |
| Manager | Rick Dees | 1901 EASTPOINT PARKWAY,LOUISVILLE,KY 4022 |
| Manager | Ronald Carmicle | 1901 EASTPOINT PARKWAY,LOUISVILLE,KY 4022 |
| Manager | CHRIS SULLIVAN | 1901 EASTPOINT PARKWAY,LOUISVILLE,KY 4022 |

**I VERIFY THAT THE INFORMATION IN THIS ANNUAL REPORT IS CURRENT AS OF THE DATE THIS REPORT IS EXECUTED.**

Signature of Manager or Member ______ Type or Print Name ______ Date ______

**ANNUAL REPORT AND FILING FEE**
Submit for filing the completed annual report form and correct filing fee as indicated above. Make check payable to the ***"Kentucky State Treasurer". Please do not send cash.***

**MAILING ADDRESS**
Trey Grayson
Secretary of State
P O Box 1150
Frankfort, KY 40602-1150

**OFFICE LOCATION**
Secretary of State
State Capitol, Room 154
700 Capital Avenue
Frankfort, KY 40601
(502)-564-2848

**NOTE: P O Box 1150 is for annual report filings only.**